UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | Case No. 26-40451 |
| KEVIN D. CHANEY & COMPANY, INC., | Chapter 11 |
| Debtor. / | Judge Thomas J. Tucker |

**ORDER ESTABLISHING DEADLINES AND PROCEDURES IN THE CASE OF A SMALL BUSINESS DEBTOR WHO HAS ELECTED TO HAVE SUBCHAPTER V OF CHAPTER 11 APPLY**

After consulting with the Debtor and the other parties who appeared at the initial scheduling conference held on February 4, 2026, the Court concludes that this case is appropriate for the procedures set forth in this Order, and establishes the following deadlines, hearing dates and procedures. The purpose of this Order is to expedite the Debtor's reorganization and to secure "the just, speedy, and inexpensive determination of [this] case . . . ." Fed. R. Bankr. P. 1001.

**1. Deadlines and Hearing Dates.** The following deadlines and hearing dates are established:

a. The deadline for the Debtor to file motions under ¶ 4 below is **March 20, 2026**. This is also the deadline to file all unfiled overdue tax returns. The case will not be delayed due to unfiled tax returns.

b. The Court will hold the status conference required under 11 U.S.C. § 1188(a) on **Wednesday, March 18, 2026 at 11:00 a.m. This status conference will be on the record, and will be held by telephone.** At least five minutes before the scheduled time for hearing, counsel, parties, and anyone else wishing to attend the hearing should call (202) 503-1666 and use Conference ID 654 240 580#. Landline connections are preferred, but cell phone or other telephone services are allowed. Counsel, parties, and all other persons calling in should place their phone on mute and wait until their case is called. After the case is called, counsel and parties should unmute their phones in order to enter their appearance and to speak, but should keep their phones on mute when not speaking. Under no circumstances should a phone be placed on hold during any part of the call. The Debtor, the attorney for the Debtor, and the subchapter V Trustee must appear at the status conference. The United States Trustee and creditors are invited, but not required to attend.

c. **No later than March 4, 2026**, the Debtor must file with the Court, and serve on the subchapter V Trustee and all parties in interest, the report required by 11 U.S.C. § 1188(c).

d. Under 11 U.S.C. § 1189(b), the deadline for the Debtor to file a plan (see ¶ 2 below) is **April 20, 2026**. Immediately after filing the plan, the Debtor must serve the plan, a ballot as appropriate, and this Order on the subchapter V Trustee, the United States Trustee, all creditors, all equity security holders, and all other parties who have requested service, and the Debtor then must promptly file proof of such service.

e. The deadline to return ballots on the plan, as well as to file objections to confirmation of the plan, is **May 21, 2026**. Under Fed. R. Bankr. P. 3017.2(d), this is also the deadline for holders of claims and interests to accept or reject the plan. Under Fed. R. Bankr. P. 3017.2(b), this is also the date on which an equity security holder or creditor whose claim is based on a security must be the holder of record of the security in order to be eligible to accept or reject the plan. The completed ballot form must be returned by mail to the Debtor's attorney: Robert N. Bassel, P.O. Box T, Clinton, MI 49236.

f. Under Fed. R. Bankr. P. 3014, the Court fixes **May 21, 2026** as the deadline for any creditor to make an election of application of 11 U.S.C. § 1111(b)(2).

g. **No later than May 26, 2026 ,** the Debtor must file a signed ballot summary indicating the ballot count under 11 U.S.C. § 1126(c) and (d). A copy of all ballots must be attached to this summary.

h. The hearing on confirmation of the plan will be held on **Wednesday, June 3, 2026, at 11:00 a.m. This hearing will be held in person, in the courtroom, rather than remotely by telephone or video conference, and will be held in Courtroom 1925, 211 West Fort St., Detroit, MI 48226.**

i. The deadline for all professionals to file final fee applications (see ¶ 5 below) is 30 days after the confirmation order is entered.

j. The deadline to file objections to this Order (see ¶ 6 below) is 21 days after this Order is entered.

k. The deadline for the Debtor to file a motion to extend the deadline to file a plan (see ¶ 8 below) is **March 20, 2026**.

l. The deadline to file a motion to extend the time to file a motion to assume or reject a lease under 11 U.S.C. § 365(d)(4) is **April 15, 2026**. Counsel for the Debtor must consult with the courtroom deputy to assure that such a motion is set for hearing on or before **May 13, 2026**.

m. Some of these dates and deadlines are subject to change upon notice if the Debtor files a plan before the deadline in paragraph d above.

**2. The Plan.** The Debtor must begin to negotiate the terms of a plan of reorganization as soon as practicable. By the deadline established in paragraph 1d, the Debtor must file a plan of reorganization. If the Debtor fails to meet this deadline, the case may be dismissed or converted to chapter 7 under 11 U.S.C. § 1112(b)(4).

**3. The Confirmation Hearing.** Parties may file objections to confirmation of the plan by the deadline established in paragraph 1e above. Objections must be served on the attorney for the Debtor, the subchapter V Trustee, and the United States Trustee. A proof of such service must be filed with the objections. Objections which are not timely filed and served will be deemed waived.

**4. Expediting the Debtor's Reorganization.** If necessary to file a plan by the deadline established in this Order, the Debtor must file any motions or requests to value security under L.B.R. 9014-1 by the deadline established in paragraph 1a above.

**5. Fee Applications.** Unless the Court orders otherwise, each professional may file one and only one final fee application. Such applications must be filed under L.B.R. 2016-1 and L.B.R. 9014-1 by the deadline set forth in paragraph 1i, above.

**6. Deadline to File Objections to this Order.** Any objection to this Order must be filed by the deadline set forth in paragraph 1j, above. Objections not timely filed are waived.

**7. Motions to Allow Administrative Expense.** Taxing authorities may file a request for payment of an administrative expense at any time under 11 U.S.C. § 503(a). Any request for an order allowing any such administrative expense, under 11 U.S.C. § 503(b), must be made under L.B.R. 9014-1.

**8. Motions to Extend the Deadline to File a Plan.** Any motion to extend the deadline to file a plan must be filed by the deadline in paragraph 1k. The motion must demonstrate by affidavit or otherwise that the deadline extension is needed, and that the need for the deadline extension is attributable to circumstances for which the Debtor should not justly be held accountable. *See* 11 U.S.C. § 1189(b). The Court may schedule a hearing. Counsel for the Debtor must serve the motion and any notice of the hearing on the subchapter V Trustee, the United States Trustee, all secured creditors, and the 20 largest unsecured creditors, and must file a proof of service.

**Signed on February 4, 2026**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN

**/s/ Thomas J. Tucker**

**Thomas J. Tucker**
**United States Bankruptcy Judge**